COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Retired Judge Overton[*]
Argued at Richmond, Virginia


THE PEPSI BOTTLING GROUP, INC. AND
  OLD REPUBLIC INSURANCE CO.

                                                        MEMORANDUM OPINION[**] BY
v.        Record No. 2310-06-2                JUDGE ELIZABETH A. McCLANAHAN
                                                                MAY 22, 2007
MARVIN WILLIAM REED


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Dale W. Webb (Frankl Miller & Webb, on brief), for appellants.

            Stephen T. Harper (Kerns, Kastenbaum & Reinhardt, on brief), for
            appellee.


        The Pepsi Bottling Group, Inc. and its insurer (collectively "Pepsi") appeal a decision of

the Workers' Compensation Commission in favor of claimant, Marvin W. Reed, wherein the

commission (1) found a mutual mistake of fact in the subject agreement to pay benefits between

the parties in referencing Reed's compensable injury as a "back strain"; (2) corrected the award

entered pursuant to the agreement to reflect Reed actually sustained a compensable bilateral

shoulder injury; (3) awarded Reed temporary partial disability benefits in various amounts over a

period of several months; (4) awarded Reed temporary total disability benefits from the time of

the surgery to his left shoulder and continuing; (4) awarded Reed permanent partial disability

benefits for permanent partial impairment of his upper right extremity; and (5) awarded Reed

lifetime medical benefits related to his compensable injury to both his left and right shoulders.

_____

        [*] Retired Judge Overton took part in the consideration of this case by designation
pursuant to Code § 17.1-400(C).

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In summary, Pepsi contends on appeal that the full commission erred (1) in failing to apply a "clear and convincing" evidentiary standard to set aside an existing award and enter a new award based upon an alleged mutual mistake of fact; (2) in finding Reed proved he sustained a compensable bilateral shoulder injury; (3) in finding Reed's claim of bilateral shoulder injury was "seasonably presented"; (4) in calculating Reed's average weekly wage loss for his temporary partial disability on a weekly basis rather than a quarterly basis; and (5) in failing to address the permanent partial disability award by the deputy commissioner when Pepsi challenged that award in its request for review to the full commission.

We have reviewed the record and the commission's opinion and find this appeal is without merit. Accordingly, we affirm for the reasons stated by the commission in its final opinion.[1] See Reed v. Pepsi Bottling Group, Inc., VWC File No. 221-23-44, 2006 VA Wrk. Comp. LEXIS 702 (August 15, 2006).

Affirmed.

---

[1] We note as to Issue 4 that Code § 65.2-502 specifically provides, in pertinent part, "the employer shall pay . . . to the injured employee during [partial] incapacity a *weekly compensation* equal to 66 2/3 percent of the difference between his *average weekly wages* before the injury and the *average weekly wages* which he is able to earn thereafter . . . ." (Emphasis added.) Consistent with this language, a weekly calculation is the appropriate manner in which to determine a claimant's temporary partial disability benefits, and not the commission's alternative quarterly calculation (used as a matter of convenience), when a quarterly calculation would not account for a claimant's actual wage loss in any particular week during which he is entitled to such benefits, as the commission found in the instant case. See Williams v. Victory Van Moving Co., VWC 208-87-28, 2005 VA Wrk. Comp. LEXIS 677 (August 30, 2005); Deel v. Buchanan General Hospital, VWC File No. 215-84-18, 2005 VA Wrk. Comp. LEXIS 707 (August 8, 2005).